[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Counts one and two of the complaint in this case are viable. The first count alleges a breach of contract in that the defendant (hereinafter "Nationwide") has failed to pay a loss claim made by the plaintiff pursuant to a boatowners insurance policy. The second count alleges that Nationwide breached its covenant of good faith and fair dealing by accusing him of misrepresentation, insinuating that his claim of theft was false and by invading his privacy during deposition questioning.
(The third and fourth counts alleging CUTPA and CUIPA violations were struck in response to a Motion to Strike).
Nationwide raised three special defenses. The first claims the plaintiff misrepresented or concealed information relating to his claim and the second claims material misrepresentations in the CT Page 2783 policy application which voids insurance coverage. The third claims Evans failed to provide information relating to the claimed loss.
The Court concludes that the plaintiff has established a loss based on the following findings:
On June 7, 1996, Nationwide issued a boatowners insurance policy covering a 23' Pro-Line boat, a trailer, a 200 HP Suzuki outboard motor and a 10 HP Yamaha outboard motor. (The smaller motor would normally be used as an emergency back-up). A second boat and motor was also insured under the policy — an 11' Zodiac inflatable dingy with an 11 HP Evinrude motor.
Although Evans had owned the boat for a period of time prior to applying for insurance (between one and two years), he had not previously insured it.
On Monday, July 15, 1996, Evans, following the weekend, found, and reported to the police, that someone had stolen the Zodiac and its motor, the reserve motor from the Pro-Line and various accessories on the Pro-Line including a fish finder, a radar screen, a marine radio, a loran, a fighting chair, down-riggers and out-riggers used for fishing.
At the time the boat was in the yard of an automotive repair business owned by Evans in Colehester.
In his report to the police, Evans estimated the total value of the missing items to be $10900.
When he later completed a loss inventory form for Nationwide he estimated the value of the same missing items to be approximately $17800.
The investigating officer was of the opinion that the missing items were not recently removed, based on several facts including the lack of footprints in the boat, the lack of tire tracks near the boat, and that no other boats or vehicles in the yard were tampered with, among other things. Nationwide was suspicious of the claim as well because the insurance was recently purchased, that Evans was having financial problems and ambiguities in his account of the circumstances of the claimed theft.
Although Nationwide's suspicions may have been understandable CT Page 2784 after investigation and depositions, no arrests were made and the suspicions remained just that.
In denying Evan's claim Nationwide cited, in addition to its finding that the claim was not supported by the facts, material misrepresentations as to values, material misrepresentations on the policy application and failure to fully disclose financial information.
At trial Evans claimed his loss was $10900 as initially reported to the police. He testified that the values listed on his subsequent loss inventory filed with Nationwide were his estimates to replace the items taken and he was relying on Nationwide to adjust those amounts to actual cash value at the time of loss in accordance with his coverage, but he does claim that cash value was $10900.
Nationwide's adjuster has put a total value on the loss (assuming it occurred) of approximately $3000.
This determination essentially comes down to the credibility of the witnesses. The Court concludes that Evan's estimates are exaggerated, vague and unsupported by any other evidence such as receipts, bills of sale or the like. Jennifer Johnson, the adjuster for nationwide, with some 28 years of experience in the field based her values on estimates of the value of used items of the approximate age and condition of those claimed as losses. Her testimony is the more credible.
The essential unreliability of Evans' estimated values is also reflected by the truly exaggerated values listed on the loss inventory. (Although he did indicate they were estimates, and is given the benefit of the doubt that they were not intentional misrepresentations, those values are not consistent with those claimed at trial. Further, in a financial affidavit filed in court in March 1996, in connection with a dissolution action, he listed a 1983 Pro-Line boat as having a value of $1500. (No accessories were shown on the financial affidavit). While it is obvious that he might want to conservatively estimate assets in a dissolution, that is a factor going to credibility in this case.
As for the special defenses, they are discussed as follows:
 First: No Loss and Claim Misrepresentation. CT Page 2785
 As discussed above the Court finds there was a loss. Evans had photographs of the inflatable and motor as well as the Pro-Line with fishing gear and what appears to be a radar screen on the dashboard.
 The misrepresentation on the claims has also been discussed above. Evan's explanation that he listed replacement costs (and qualified his figures as estimates), were not shown to be intentional misrepresentations — although their reliability is almost non-existent. Therefore this defense is not a basis to deny the claim.
 Second: Misrepresentations on the Application.
 Evans testified that he filled out the application in accordance with instructions from the agent, that while he did not disclose a cancellation of prior insurance, no boat policy was ever canceled, and he simply let his homeowner's policy lapse because he had lost the house in the dissolution. There was a law suit pending in connection with a business dealing and a disputed hospital claim, and a foreclosure (tied to the dissolution) which were not listed on the application. None of these were related to any history involving boats or dishonesty and do not seem to be material omissions. Again, Evans testified that the application was completed per the direction of an agent. These omissions should not void coverage.
 Third: Failure to Disclose Information.
 Plaintiff had no receipts to provide. Those items which did not come with the boat were allegedly purchased used from individuals and there were no transactional records. Nationwide took two depositions of Evans and had considerable information as to his family situation, his finances and his business, all of which was brought out in the trial. This special defense must fail.
As to the second count of the complaint, the Court finds the issues for the defendant. Under the circumstances of this case, Nationwide's probe and investigation was reasonable. The deposition question went to a probe of Evans's financial CT Page 2786 condition and were not a breach of good faith and fair dealing. Nationwide was justified in its investigation and questioning.
In assessing damages the Court, as stated finds the defendant's valuations to be more credible for the most part, however several items appear to be undervalued or only nominally valued.
Accordingly, damages are assessed as follows:
1. "85" zodiac inflatable $ 400
2. `85' 15 H.P. Evinrude 1200[1]
3. `83'10 H.P. Yamaha 1000
4. Bracket 50
5. VHS Radio 10
6. Loran 100
7. Fishfinder 700
8. Radar Screen only (no receiver) 100[2]
9. Outriggers and holders 200
10. Outrigger rigging 100[3]
11. Downriggers 150[3]
 12. Fighting chair 250 _____ Total $ 4450
Judgment shall enter for the plaintiff in the amount of $4450 plus costs.
Klaczak, J.